IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TONY ARAMBULA,**

    Petitioner,

v.                                              Civil Action No. **3:11CV287**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

**MEMORANDUM OPINION**

Tony Arambula, a Virginia inmate proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that, inter alia, Arambula cannot satisfy the in custody requirement of 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Arambula has not responded. The matter is ripe for disposition.

**I. PROCEDURAL HISTORY**

In the Circuit Court for the City of Virginia Beach ("Circuit Court"), Arambula was convicted of three counts of failure to register as a sex offender. Pursuant to the final order entered on November 30, 2007, the Circuit Court sentenced Arambula to 12 months of imprisonment on each count. Thereafter, Arambula

unsuccessfully pursued appeals and petitions for writs of habeas corpus with respect to the above convictions.

On June 2, 2010, Arambula was released by the Virginia Department of Corrections. As of that date, Arambula had fully served his sentences with respect to three convictions for failure to register as a sex offender. Motion to Dismiss for Lack of Jurisdiction Ex. B (Brown Aff.) ¶ 4, Arambula v. Dir. Dep't Corr., No. 100845 (Va. filed Aug. 19, 2010).

## II. THE "IN CUSTODY" REQUIREMENT

To qualify for relief under 28 U.S.C. § 2254, a petitioner must be in custody. See 28 U.S.C. § 2254(a). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). The in-custody requirement is jurisdictional. Id. at 490. Because Arambula was not in custody at the time he filed the present § 2254 Petition, the Motion to Dismiss (Docket No. 6) will be GRANTED and the action will be DISMISSED for lack of jurisdiction. The Court will deny a certificate of appealability.[1]

---

[1] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

2

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Arambula and counsel of record.

An appropriate Order shall issue.

                                                  /s/       *REP*
Robert E. Payne
Senior United States District Judge

Date: *November 9, 2011*
Richmond, Virginia

---

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). For the reasons stated above, Arambula has not satisfied this standard.

3